**FILED**
MAY - 5 2005
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

**ENTERED**
MAY - 6 2005
U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RICHARD ISAAC FINE,<br><br>Debtor(s). | BK. No. LA 02-37680-BB<br><br>Chapter 7<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART MOTION OF A-1 BUSINESS PRODUCTS, INC. FOR STAY PENDING APPEAL**<br><br>(No Hearing Requested) |

The Court having reviewed and considered the motion of A-1 Business Products Inc. ("A-1") for a stay pending appeal of the Court's April 22, 2005 "Order re Motion for Order: (1) Approving Compromise of Controversies with Members of the Class Action in the Paul Di Flores, et al. v. EHG National Health Services Case, No. BC 150607, Pending in the Superior Court, State of California, County of Los Angeles; (2) Approving Form of Settlement Agreement and Mutual General Releases; and (3) Granting Relief from Automatic Stay" (the "April 22 Order"), hereby finds as follows:

1. Contrary to A-1's contention, it was appropriate for the Court to grant the trustee's motion for approval of a compromise (the "Motion") under 11 U.S.C. § 363(f) in that:

a. the parties specifically discussed and the Court explicitly considered whether the compromise should be treated and approved as a sale under section 363(f) of the Bankruptcy Code at the time of hearing on the Motion, objecting parties specifically briefed these issues, and no party in interest requested that additional time be given to brief such issues notwithstanding the fact that they were not raised in the original moving papers;

b. no party in interest was unfairly surprised or prejudiced by the Court's resolution of issues under section 363(f) at the time of hearing on the Motion or in the text of the April Order in that the Court itself noted the applicability of section 363(f) and the need for the Motion to pass muster under this section in the tentative ruling that it issued on the Motion in connection with the February 23, 2005 hearing thereon, which tentative ruling provided in pertinent part:

> Therefore, it is correct to analogize this motion, as have the secured creditors, to a motion to sell the estate's interest in the proceeds generated by the settlement of this class action free and clear of their liens. However, the trustee seeks an order clarifying that these funds are free and clear funds of the estate. She is not proposing to leave these funds in an interest-bearing account with the liens to attach to the proceeds while the Court resolves any questions that may exist as to the validity/priority/amount of the liens. This is inappropriate and does not provide secured creditors whose liens have not been avoided with adequate protection for the value of their interests in Mr. Fine's recovery in the class action.

c. the Court did in fact make findings at the April 6, 2005 hearing on the Motion as to the propriety of a sale free and clear of secured creditors liens under section 363(f), finding that it was appropriate to authorize such a sale under section 363(f)(5).

2. Although the record contained sufficient evidence for the Court to make a good faith finding under section 363(m) at the time of hearing on the Motion and the Court did make sufficient factual findings at the hearing on the Motion to support such a finding, the trustee did not request such a finding until shortly before the conclusion of

- 2 -

1 the final hearing on the Motion, leaving limited opportunity for A-1 or other objecting

2 parties to respond thereto.

3     3. In light of the foregoing, the Court believes that there is some prospect that A-

4 1 may prevail on the merits of its appeal of the portion of the April Order that includes a

5 good faith finding under section 363(m). (The Court does not believe that there is a

6 reasonable prospect or a substantial possibility that A-1 will prevail on the merits of any

7 other argument that it has raised on appeal.)

8     4. Absent a stay pending appeal of the portion of the April Order that makes

9 section 363(m) applicable, A-1 may suffer irreparable injury pending the resolution of its

10 appeal of the April Order.

11     5. The issuance of a stay pending appeal of the portion of the April Order that

12 contains a finding under section 363(m) will not impose a cognizable hardship on other

13 interested parties.

14     In light of the foregoing, **IT IS ORDERED** as follows:

15     1. A-1's motion for a stay pending appeal of the April Order is hereby granted

16 solely with respect to the effectiveness of paragraph 17 of the April Order. The

17 effectiveness of paragraph 17 is hereby stayed, pending the outcome of A-1's appeal of

18 this portion of the April Order.

19     2. In all other respects, A-1's motion for a stay pending appeal is denied.

20 DATED: 5/5/05

21                                           SHERI BLUEBOND
                                           United States Bankruptcy Judge

22

23

24

25

26

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **ORDER** was mailed on **MAY 06 2005** to the parties listed below:

Office of the United States Trustee
725 S. Figueroa, 26th Floor
Los Angeles, CA 90017

**Debtor**
Richard I. Fine
LAW OFFICES OF RICHARD I. FINE
& ASSOCIATES
468 North Camden Drive, Suite 200
Beverly Hills, CA 90210

**Counsel for Winston Financial Group**
Robert P. Goe
Marc C. Forsythe
Elizabeth A. Larocque
GOE & FORSYTHE LLP
660 Newport Center Drive, Suite 320
Newport Beach, CA 92660

**Counsel for the Class Plaintiffs**
John A. Moe
LUCE FORWARD HAMILTON & SCRIPPS
777 S. Figueroa St., Suite 3600
Los Angeles, CA 90017

Scott E. Shapiro
LAW OFFICES OF SCOTT E. SHAPIRO,
A Professional Corporation
17337 Ventura Blvd., Suite 200
Encino, CA 91316

**Chapter 7 Trustee**
Carolyn A. Dye
LAW OFFICES OF CAROLYN A. DYE
1925 Century Park East, #1150
Los Angeles, CA 90067-2712

**Counsel for Premium Financial Services**
Leslie A. Cohen
LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP
1100 Glendon Ave., 14th Floor
Los Angeles, CA 90024-3503

**Counsel for Chapter 7 Trustee**
Sharon Z. Weiss
Julie A. Page
Jacquelyn H. Choi
Leonard Pena
Weinstein, Eisen & Weiss LLP
1925 Century Park East, Suite 1150
Los Angeles, CA 90067-2712

**Counsel for Joseph Zilber**
Albert Solochek
HOWARD SOLOCHEK & WEBER
324 E. Wisconsin Ave., Suite 1100
Milwaukee, WI 53202-4309

Howard D. Myers
GOLDSMITH & HULL
A Professional Corporation
16000 Ventura Blvd., Suite 1600
Encino, CA 91436

**Counsel for Bay Area Financial**
Scott C. Clarkson
Eva A. Marsella
CLARKSON GORE & MARSELLA
3424 Carson Street, Suite 350
Torrance, CA 90503

**Counsel for California National Bank**
David Leventhal
LAW OFFICES OF DAVID LEVENTHAL &
ASSOCIATES
24300 Town Center Drive, Suite 240
Santa Clarita, CA 91355

**Counsel for American Express Travel**
Michael S. Rogovian
BECKETT & LEE LLP
P.O. Box 3001
Department U
Malvern, Pennsylvania 19355-0701

- 4 -

1  **Counsel for The Summit Above Beverly Hills**
   Wayne M. Smith
2  c/o Warner Bros.
   4000 Warner Blvd., Suite 5158
3  Warner Brothers Building 156
   Burbank, CA 91522
4
   **Counsel for Bank of the West**
5  Martina A. Rider
   HEMAR RUSSO & HERALD LLP
6  15910 Ventura Blvd., Twelfth Floor
   Encino, CA 91436
7
   **Counsel for The Reddi Brake Class Action**
8  John A. Case Jr.
   LAW OFFICES OF JOHN A. CASE JR.
9  1880 Century Park East, Suite 516
   Los Angeles, CA 90067
10

22  DATED:   MAY 06 2005                              _____
                                                                  DEPUTY CLERK

- 5 -