

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RICHARD ISAAC FINE,<br><br>Debtor(s). | BK. No. LA 02-37680 BB<br><br>Chapter 7<br><br>**MEMORANDUM RE RULING ON "MOTION FOR RECONSIDERATION OF CLAIM OF WINSTON FINANCIAL GROUP, INC. AND PAYMENT OF FUNDS RECEIVED AND FOR SALE OF RESIDENCE TO ESTATE, RICHARD FINE AND MARYELLEN OLMAN FINE"**<br><br>(not set for hearing) |

On July 26, 2007, debtor Richard Isaac Fine (the "debtor") filed a motion entitled, "Motion for Reconsideration of Claim of Winston Financial Group, Inc. And Payment of Funds Received and for Sale of Residence to Estate, Richard Fine and Maryellen Olman Fine" (the "Motion"). Although styled as a motion to reconsider the allowance of the claim of Winston Financial Group, Inc. in the above-entitled chapter 7 case, the Motion is, in substance, a collateral attack on various dispositive orders entered by this Court, and affirmed by the Bankruptcy Appellate Panel and the Ninth Circuit, in two prior adversary proceedings that the debtor commenced against defendants Michael Weinstein and Winston Financial Group, Inc. (jointly, the "Winston Defendants"), namely, adversary proceedings nos. LA 03-02085 and LA 04-01303 (jointly, the

1  "Adversary Proceedings"). For the reasons set forth below, the Court concludes that the
2  debtor has failed to make the showing necessary to entitle him, his wife or his chapter 7
3  estate to any of the relief requested in the Motion, and that the Motion should be denied
4  in its entirety on both procedural and substantive grounds.

5  **I. THE MOTION IS PROCEDURALLY DEFECTIVE**

6      a. The Motion is Untimely

7  Motions for reconsideration (or for a new trial) may be brought pursuant to
8  Federal Rule of Civil Procedure 59, made applicable to the Adversary Proceedings by
9  Federal Rule of Bankruptcy Procedure 9023, within 10 days after entry of the judgment
10 or order that the movant seeks to have reconsidered.  The most recent orders in the
11 debtor's bankruptcy case were entered in November of 2006.  The Court first entered
12 judgment against the debtor in adversary proceeding no. 03-02085 on November 19,
13 2003 and entered an order denying the debtor's motion for relief from that judgment on
14 May 12, 2004.  This Court entered an order granting summary judgment against
15 defendant in adversary proceeding no. 04-01303 on October 6, 2004.  All of these
16 orders were entered more than 10 days before the filing of the instant Motion.
17 Therefore, to the extent that it is correct to characterize the Motion as a motion for
18 reconsideration (or for a new trial) of any of these orders under Rule 59, the Motion is
19 untimely.

20 Federal Rule of Civil Procedure 60(b), made applicable herein by Federal
21 Rule of Bankruptcy Procedure 9024, also authorizes the filing of a motion for relief from
22 a judgment on various grounds, including "(2) newly discovered evidence which by due
23 diligence could not have been discovered in time to move for a new trial under Rule
24 59(b)" and "(3) fraud (whether heretofore denominated as intrinsic or extrinsic),
25 misrepresentation, or other misconduct of an adverse party." Motions brought under
26

1  Rule 60(b) must be brought "within a reasonable time, and for reasons (1), (2) and (3)
2  not more than one year after the judgment, order or proceeding was entered or taken."[1]
3  The Motion appears to be one brought pursuant to Rule 60(b) in that the basis for the
4  relief appears to be "facts" that the debtor contends are newly-discovered that reveal
5  that the Winston Defendants have perpetrated a fraud upon this Court. This alleged
6  fraud appears to be Winston Financial Group, Inc.'s filing a secured proof of claim
7  against the estate and proceeding with a foreclosure sale, unlawful detainer actions and
8  a subsequent resale of the real property located at 12097 Summit Circle in Beverly Hills
9  (the "Property") in the face of various denials contained in the verified answer that the
10 Winston Defendants filed on August 11, 2004 in adversary proceeding no. 04-01303
11 (the "Verified Answer"). However, as set forth above, all of the orders and judgments
12 that the debtor seeks to have reconsidered based on these alleged facts were entered
13 well over a year prior to the filing of the Motion, and all of the "newly-discovered" facts
14 alleged in the Motion occurred well over a year prior to the filing of the Motion. Thus,
15 the Motion is untimely under even the more generous time limits contained in Rule
16 60(b).

17      b. <u>The Relief Sought Cannot be Obtained by Motion</u>

18      The Motion seeks, among other things, an order compelling the payment
19 $4,750,047 to the estate, the debtor and his wife, as well as reconsideration (and
20 disallowance) of Winston's (secured) claim (and lien) against the Property. Pursuant to
21 Federal Rule of Bankruptcy Procedure 7001, these forms of relief must be sought by
22 way of an adversary proceeding. A simple motion will not suffice. Thus, the Motion is

---

[1] There is an exception to this one-year deadline in Fed. R. Bankr. Proc. 9024 for a motion "for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest." This exception is inapplicable in this instance in that the orders that the debtor seeks to have reconsidered were not orders allowing or disallowing a claim, and they most certainly were *not* entered without contest. The parties actually and actively litigated each one.

- 3 -

1  procedurally defective on this basis as well.

2        c. <u>The Debtor Has Not Provided Evidentiary Support for the Motion</u>

3        In support of his contention that the Winston Defendants admitted facts in

4  the Verified Answer that are inconsistent with the positions that they have previously

5  advanced in this chapter 7 case and/or in the Adversary Proceedings, the debtor offers

6  excerpts from the Verified Answer in a declaration. This approach violates Federal

7  Rule of Evidence 1002 (the "best evidence rule") and is unacceptable, particularly

8  where, as here, the debtor has *misquoted* the excerpts in each and every instance.

9  Each paragraph quoted from the answer contains an admission of a portion of the

10 allegations contained in the corresponding paragraph of the debtor's complaint and

11 ends with a blanket denial of all other allegations contained in the paragraph. The

12 debtor then misquotes these paragraphs, adding language at the end of each, to make

13 it appear that the Winston Defendants *specifically* denied the particular allegation that is

14 of interest to the debtor. Even if the motion were timely and were not defective on the

15 merits for the reasons set forth below, it should be denied based on the deceptive and

16 defective manner in which the debtor has purported to offer evidence in support of the

17 Motion.

18     **II. THE MOTION IS SUBSTANTIVELY DEFECTIVE**

19     No matter what caption the debtor chooses to put on his Motion and no matter

20 which procedural vehicle he uses to bring this matter to the Court's attention, the debtor

21 may not relitigate matters that are barred by the doctrines of claim and issue preclusion.

22 He has now brought at least three separate actions against the Winston Defendants

23 based on his contention that he has already paid off the amounts due under the

24 December 9, 1998 promissory note, that this note was usurious, that the foreclosure

25 sale of the Property was invalid and the unlawful detainer actions used to evict him from

26

1 | the Property were illegal. These claims have already been resolved: some by way of a
2 | settlement agreement; others by way of a settlement agreement and summary
3 | judgments or other dispositive orders entered in the Adversary Proceedings. Under the
4 | doctrines of claim preclusion, merger and bar, he may not commence a new action of
5 | any kind, even under a new theory or based on "newly-discovered facts," if the objective
6 | is to revisit the validity of the same lien, or to set aside the foreclosure sale or his
7 | eviction from the Property. His latest Motion still arises out of the same nucleus of
8 | operative facts and is therefore barred.
9 |     The debtor also contends that the parties to the Di Flores case, and/or their
10 | attorneys and/or the commissioner handling the case have illegally taken monies from
11 | the Di Flores Settlement Fund. As this Court previously explained in its April 22, 2005
12 | order approving the trustee's compromise with the members of the class action in the Di
13 | Flores action, it is not appropriate for this Court to resolve whether and to what extent a
14 | proposed use of the Di Flores Settlement Fund is permissible. Any issues or disputes
15 | concerning the permissible uses of the Di Flores Settlement Fund should be brought in
16 | the Court before whom the Di Flores case is (or was) pending. It seems highly unlikely
17 | that the Bankruptcy Court would have the requisite subject matter jurisdiction to resolve
18 | these issues in any event, but, assuming that such jurisdiction ever existed, this Court
19 | abstained from exercising that jurisdiction in its April 22, 2005 order approving the
20 | trustee's compromise with the Di Flores defendants.

21 | DATED: 7/27/07

22 | SHERI BLUEBOND
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **ORDER** was mailed on JUL 3 0 2007 to the parties listed below:

| | |
|---|---|
| Richard Isaac Fine<br>468 North Camden Drive, Suite 200<br>Beverly Hills, CA 90210 | Albert Solochek<br>Howard, Solochek & Weber<br>324 E. Wisconsin Avenue, Suite 1100<br>Milwaukee, Wisconsin 53202 |
| Robert P. Goe<br>Marc C. Forsythe<br>Goe & Forsythe, LLP<br>660 Newport Center Drive, Suite 320<br>Newport Beach, CA 92660 | John A. Moe<br>Peter Leeson<br>Luce, Forward, Hamilton & Scripps<br>777 South Figueroa Street, Suite 3600<br>Los Angeles, CA 90017 |
| Lawyers Title Company<br>c/o Robert Garrett<br>Garrett & Tully<br>225 South Lake Avenue, Suite 1400<br>Pasadena, CA 91101 | |
| Carolyn A. Dye<br>c/o Aram Ordubegian<br>Weinstein Weiss & Ordubegian LLP<br>1925 Century Park East, Suite 1150<br>Los Angeles, CA 90067 | |
| United States Trustee<br>725 South Figueroa Street, 26th Floor<br>Los Angeles, CA 90017 | |
| Howard D. Myers<br>Goldsmith & Hull<br>16000 Ventura Boulevard, Suite 900<br>Encino, CA 91436 | |

DATED: JUL 3 0 2007

_____
DEPUTY CLERK

- 6 -